UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RAFAEL ALMONTE,

    Plaintiff,

        v.

**THE CITY OF NEW YORK**

    **Defendants.**

COMPLAINT
JURY DEMAND

Plaintiff RAFAEL ALMONTE, by and through his attorneys, the law firm of GROSS & GONZALEZ note that he was subject to malicious prosecution by the City of New York under the foregoing facts.

1. On or about 5/10/13 Claimant Almonte was arrested for a violation of probation

2. The matter resolved with a disposition on or about 12/24/2013 where about the violation was dismissed

3. Claimant notes he was NOT in violation of probation, NOR did he commit any violation.

4. Claimant notes at the time of this incident he resided at 500 West 150th Street, New York NY and at all times thereafter resided within the city of New York

5. Claimant was charged in New York County Supreme Court

6. Claimant notes he was falsely and maliciously prosecuted.

7. Claimant notes based on the allegations it should have been obvious and clear with minimal investigation that he did not engage in any illegal, illicit, or violative behavior.

8. Claimant was detained for approximately seven months prior to the dismissal of this matter.

## JURISDICTION

9. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

10. Supplemental jurisdiction over ALMONTE's pendent state law claims exists pursuant to 28 U.S.C. § 1367(a).

11. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-1. ALMONTE made and served a notice of claim on all municipal defendants, within the time required by New York General Municipal Law Section 50-e. More than thirty days have elapsed since the service of those notices, and no offer of settlement has been made.

## VENUE

12. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, the judicial district in which the claims arose, in which COTTO currently resides, and in which defendants NYPD, namely 48th Precinct, conduct their business and where the underlying incident alleged occurred.

## JURY DEMAND

13. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

14. Plaintiff ALMONTE is, and at all times material to this Complaint was, a citizen and resident of the State of New York. He resides in Bronx, NY.

15. Defendant City of New York is a properly incorporated municipality for and under the purposes of Monell and its progeny.

## WRONGFUL SEARCH OF ALMONTE

16. Almonte was searched without cause and without reason.

17. The items recovered from him and vouchered against her were NOT contraband.

19. The officer utilized an illegal stop as the basis for an illegal search under the fruit of the poisonous tree doctrine.

## PRESUMPTION OF PROBABLE CAUSE

20. No indictment was ever voted on this matter, as such no presumption of probable cause exists.

## DAMAGES

21. Claimant was forced to serve out a period or term of incarceration non violation of probation while not having committed any crime or violation.

22. The actions of the defendants deprived plaintiff ALMONTE of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the laws and Constitution of the State of New York.

23. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused ALMONTE to be wrongly seized, maliciously prosecuted, unfairly subjected to illegal searches and cruel and unusual punishment during the course of her prosecution and incarceration.

24. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused ALMONTE the following injuries and damages, which continue to date and will continue into the future: multiple physical assaults and batteries, including assaults of a sexual nature, and other physical injuries; pain and suffering; severe mental anguish; loss of educational opportunity; loss of professional opportunity; loss of income; out-of-pocket legal expenses for appellate representation; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled monetary relief. Finally, and more specifically have caused ALMONTE to suffer significant injury to her leg requiring extensive physical therapy and permanent damage to her leg and her ability to walk and ambulate herself.

25. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages

## COUNT 1

### 42 U.S.C. § 1983 malicious prosecution

26. ALMONTE hereby incorporates by reference all of the foregoing paragraphs.

27. Defendant City of New York, through its agent the Assistant District Attorney assigned to the matter, maliciously prosecuted ALMONTE.

28. To whit, Defendant continued to prosecute ALMONTE although they were clear they did not have case.

29. Defendants charges were ultimately dismissed.

30. ALMONTE was charged, to whit a prosecution was commenced against him.

31. The prosecution terminated favorably in that the matter was fully dismissed.

32. Finally, we allege maliciousness on the part of the People in that they were again aware of the fact that the alleged controlled substance was not in actuality a controlled substance. Secondarily, the people were in possession of this substance maliciously, purposely, recklessly, and without cause delayed the testing of said substance although the crux o the defense was ALWAYS that there was no controlled substance present in what the police seized.

33. Defendant City of New York, under Monell, is liable under Pembaur v. City of Cincinnati, 475 US 469, the Court held that the decision of a final policy maker could constitute official policy. In the instant matter there clearly was a decision to continue prosecution as against ALMONTE, regardless of if the decision was made at the level of the ADA handling the case or the District Attorney himself, we would present that this individual by definition acted as a final decision maker and as such for Monell purposes liability should properly lie

    I. Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In that the District Attorneys office regularly prosecutes cases and makes decisions to continue prosecutions as against defendants under the weight of the evidence,

    II. IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability.

III. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train as ANY attorney practicing ethically and obeying the basic rules of practice of this State would understand their obligation under Brady and move to dismiss charges immediately upon a negative test for controlled substance in a matter where the only charge is possession of said substance.

## COUNT II

### 42 U.S.C. § 1983 Claim for Supervisory Liability Against CITY OF NEW YORK

34. ALMONTE hereby incorporates by reference all of the foregoing paragraphs and further states as follows.

35. Defendant acted with deliberate indifference, recklessness, and/or gross negligence to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of its agents, and thereby caused ALMONTE'S rights to due process, and rights against unlawful search and seizure, were violated.

36. The deliberately indifferent, reckless, and/or grossly negligent conduct of defendant violated a clearly established duty.

37. Defendant's actions and omissions proximately and directly caused ALMONTE to be wrongly arrested and prosecuted

## COUNT III

### 42 U.S.C. § 1983 Claim for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. ALMONTE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

39. By their conduct and under color of state law, defendants and Supervisors had opportunities to intercede on behalf of ALMONTE to prevent a false prosecution however no one did.

40. ALMONTE was detained and housed in central bookings as well as Rikers Island causing significant and extreme emotional distress given HE was brutalized and charged with a crime the evidence clearly now shows she did not commit.

41. ALMONTE was subjected to a dark and dirty cell containing rodents and insects, as well as other pests.

42. The accomodations wreaked of urine and bodily fluids.

43. He was not provided food of her choosing.

44. He was not at liberty to leave.
45. Medical care which was requested was denied, and ALMONTE was caused to sit and suffer in her own blood.

46. The defendants' failures causing extreme emotional distress causing psychological damage and pain leading to anxiety, depression, lack of sleep, insomnia, pain.

47. As a direct and proximate result of the defendants' failures ALMONTE was injured and suffered the other grievous and continuing injuries and damages as set forth above.

48. Defendant City of New York, under Monell, is liable under a theories of

    IV.  OfficIally promulgated policy, under Lanier V. Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d

    V.   IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. We would ask the Court take judicial notice of Floyd, regarding this custom and practice.

    VI.  IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapacisouly without reprive, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville,

434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

### COUNT IV

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

49. ALMONTE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

50. Defendants, and others yet unknown agreed among themselves and with other individuals to act in concert in order to deprive ALMONTE of his clearly established Fourth, Fifth, and Fourteenth Amendment rights.

51. In furtherance of the conspiracy the defendants engaged in and facilitated numerous overt acts, including, without limitation, the following: arrest, detention, and prosecution of claimant.

52. Defendants illegally stopped ALMONTE.

53. AT all times and in ALL ACTIONS Defendants acted in concert, and with a clear intention to act as a single unit in the furtherance of the assault described in this instant complaint.

### Count V

### State Law Claim for Malicious Prosecution

54. ALMONTE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

55. Defendants, despite knowing that probable cause did not exist to arrest and prosecute ALMONTE for VIOLATION OF PROBATION and despite there is no presumption based on no grand jury action occurring on such matters.

56. As a direct and proximate result of the defendants' actions ALMONTE was wrongly prosecuted, and suffered the other grievous and continuing injuries and damages as set forth above.

### Respondeat Superior Claim Against NEW YORK CITY

57. ALMONTE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

58. At all times relevant to this complaint defendants acted as an agent of, and in the scope of his employment with, defendant New York City.

59. New York City is liable for THE DA'S OFFICE FOR state law torts of malicious prosecution, intentional or reckless infliction of emotional distress, and negligent infliction of emotional distress under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff ALMONTE prays as follows:

60. That the Court award compensatory damages to him and against the defendants, jointly and severally, in the amount of $5,000,000.00.

61. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

62. For a trial by jury;

63. For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

64. For any and all other relief to which he may be entitled.

Respectfully submitted,

_____/S/_____
CARLOS GONZALEZ, ESQ.